## Driskill v. Atwood.

(Decided February 14, 1922.)

## Appeal from Livingston Circuit Court.

1. **Boundaries.**—Where there is a good faith controversy between adjoining landowners as to the correct location of the dividing line between their lands, and they enter into a verbal agreement locating the disputed line, and each party to the dispute takes possession of the land on his side of the line, such line will be regarded as the true line in any subsequent litigation between the same parties or their successors in title.

2. **Appeal and Error—Finding of Chancellor.**—Where the evidence is conflicting the judgment of the chancellor will be upheld if it be sustained by any evidence, unless it be against the weight thereof.

3. **Judgment—Ambiguity—Correcting Judgment.**—An ambiguous judgment entered in the circuit court will be corrected so as to make its purpose and intention clear.

J. R. WELLS and C. H. WILSON for appellant.

CHAS. FERGUSON and J. M. MONTGOMERY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant Driskill and appellee Atwood are two farmers owning adjoining lands in Livingston county. They are, and have been for several years past, disputing about the correct location of the property line between their farms, and this suit was brought by Atwood against Driskill to settle that controversy, averring that the plaintiff Atwood was the owner and in possession of a certain described boundary of land, a part of which defendant Driskill was without right claiming, and this claim cast a cloud upon the title of the plaintiff, to which petition is a prayer for the quieting of plaintiff's title. The defendant, Driskill, answered and admitted that the plaintiff owned the tract of land described in his petition, and that the plaintiff was in possession thereof, but setting up another tract of land which the defendant averred he owned and was in possession of, and averred that the plaintiff was claiming a part of that tract. Defendant also alleged that he processioned his lands in the way provided by sections 2367 to 2374, Kentucky Statutes, and that notwithstanding said proceeding the plaintiff was claiming a part of the land which the processioners found and reported to be that of the defendant. Each

party took a number of depositions to sustain his contention, and there was evidence showing that some years previous to the commencement of the action an agreement had been made between plaintiff Atwood and the predecessor in title of Driskill settling the boundary line and fixing it at a certain place along which timber was marked. The trial court on this evidence came to the conclusion and entered a judgment fixing the boundary along the line shown by the evidence to have been agreed upon and marked years before. This did not give the plaintiff all the land he claimed, nor take from the defendant Driskill all that he sought to retain. We learn from the evidence that the strip in controversy is about 100 feet at its greatest width and slopes off to a point at the other end, and contained only a very few acres of land of slight value. As the question was one of fact, which the chancellor determined from the evidence, we are not at liberty to disturb that finding unless it be against the weight of the evidence, and we are unable to say that it is. The finding of the chancellor is entitled to some weight. (89 S. W. 114; 89 S. W. 673; 104 S. W. 365.) It satisfactorily appears that there was a good faith controversy between Atwood and the predecessor in title of Driskill at the time they established the agreed line and marked the same. The evidence also shows that the parties to that agreement immediately took possession of that part of the land which lay on the side of the line next to his possessions, and thereafter recognized that line as the true and proper line between their farms. An agreed line established under such circumstances has been upheld by this court. Warden v. Addington, 131 Ky. 298.

The judgment, however, is confusing in that part describing the line. After setting forth the beginning corner as "100 feet south of the stone set up by the precessioners near the eastern end of plaintiff Atwood's south line, thence a straight line in a westerly direction to the southwest corner of plaintiff's land, and which, as shown in this action, is not in dispute," it adds: "Also extending from said point 100 feet south of the processioners' stone in a westerly direction about eight poles to a white oak tree, the whole length of said line being about 96 poles." The last part of the foregoing description is confusing and the chancellor should so correct and modify the judgment as to make it plain that the division line between the lands of the plaintiff and defendant is

along the marked line made by agreement of Atwood and the predecessor of Driskill, but it should not extend the line on to lands beyond the division line between the two farms. When the judgment is modified so as to make the intention of the court to fix the agreed line as the true and correct line between the lands of plaintiff and defendant, leaving no doubt as to the meaning of said judgment, it will be so enforced.

The judgment is therefore reversed for this purpose only.

Judgment reversed.